[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2012
JOHN LEY
CLERK

No. 11-13898
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60079-WJZ-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,


versus


LARRY HAYNES,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2012)


Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Larry Haynes appeals his 41-month total sentence of imprisonment,

imposed after he pleaded guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2), and impersonating a citizen of the United States, in violation of 18 U.S.C. § 911. After a review of the record, we affirm.

Haynes, a citizen of Jamaica, had been deported after his conviction for a drug-related offense, later reentered the United States without permission, and was arrested after he used a false birth certificate to obtain an Arizona driver's license under an assumed name. When he was arrested, he presented this driver's license and falsely claimed to be a U.S. citizen.

The district court determined the applicable guidelines range to be 41 to 51 months' imprisonment. Haynes's criminal history included a prior drug conviction and also cited his previous deportation, other drug-related charges, presenting false identification, and a firearms charge. Haynes urged the court to consider his difficult childhood in Jamaica, the threats he faced in Jamaica based on his father's political activities, and his cooperation with authorities. The government noted that Haynes had multiple children by numerous women, lacked steady employment, and had distributed drugs during a previous stay in the United States. The district court considered Haynes's request to sentence him below the advisory guideline range and the government's argument that Haynes was a likely recidivist before denying Haynes's request for a downward variance. After

2

listening to the parties' arguments and considering the statutory factors, the court stated that it found no reason to depart or vary from a guideline sentence and thus sentenced Haynes to 41 months' imprisonment.[1]

On appeal, Haynes argues that the court failed to explain the sentence adequately and failed to give proper weight to his cooperation with authorities.

We review the final sentence imposed by the district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). The reasonableness of a sentence is reviewed under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We first look to whether the district court committed procedural error, and then we look to whether the sentence was substantively reasonable based on the totality of the circumstances. *Id.* at 51. The party challenging the sentence bears the burden of showing that it was unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S.Ct. 674 (2010).

Procedural unreasonableness includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to

---

[1] Haynes's sentence consisted of 41 months for his illegal reentry count and 36 months for impersonating a U.S. citizen, to run concurrently. The statutory maximum for the illegal reentry was 20 years' imprisonment; for impersonating a U.S. citizen, the statutory maximum sentence was 3 years. *See* 8 U.S.C. § 1326(b)(2); 18 U.S.C. § 911.

3

consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall*, 552 U.S. at 51. The § 3553(a) factors include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). The court need not "state on the record that it has explicitly considered each of the section 3553(a) factors or [] discuss each of the section 3553(a) factors." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (quotation omitted). Rather, it is sufficient for the district court to have considered the defendant's arguments and the § 3553(a) factors in light of all the facts and circumstances, as indicated in the sentencing hearing record. *See id.*

A sentence is substantively unreasonable if, based on the totality of the circumstances, the district court committed a "clear error of judgment" in weighing the § 3553(a) sentencing factors. *United States v. Irey*, 612 F.3d 1160,

4

1190 (11th Cir. 2010) (*en banc*) (quotation omitted), *cert. denied*, 131 S.Ct. 1813 (2011).  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a).  18 U.S.C. § 3553(a). A clear error of judgment occurs when the district court's decision is outside of the "range of reasonable sentences dictated by the facts of the case."  *Id*.  Within that range, however, the "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted).  Although we do not presume that a sentence falling within the applicable Sentencing Guidelines range is reasonable, we do ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, we conclude that Haynes's sentence was both procedurally and substantively reasonable.  The court requested testimony and argument relating to the § 3553(a) factors, stated on the record that it considered the statutory factors as well as Haynes's arguments, and subsequently stated in open court that it found no reason to vary from the applicable guideline range.  The sentence was also substantively reasonable in light of the totality of the circumstances.  The 41-month sentence was at the low end of the applicable guideline range and well below the statutory maximum sentence of 20 years' imprisonment.  *See* 8 U.S.C.

5

§ 1326(b)(2). We generally leave the weighing of the § 3553(a) factors to the district court, and will only reverse if the court commits a clear error of judgment. *Irey*, 612 F.3d at 1190. Haynes has failed to show that the sentence imposed was outside the range of reasonable sentences based on the facts of this case or that the court failed to consider his cooperation as a factor.

**AFFIRMED.**